Application of Angelo Frank BRUNO
For a Writ of Habeas Corpus.

Civ. No. 471–63.

United States District Court
D. Puerto Rico.

Dec. 5, 1963.

Francisco A. Gil, Jr., U. S. Atty., San Juan, P. R., for plaintiff.

Harvey B. Nachman, San Juan, P. R., for defendant.

JULIAN, District Judge.

This petition was heard on November 27, 1963, pursuant to the order to show cause issued by this Court on November 22, 1963.

The case was submitted on the petition, the defendants' return and affidavits attached thereto, and the memoranda and oral arguments of counsel.

The petitioner is being detained against his will in San Juan, Puerto Rico, by the Immigration and Naturalization Service of the United States.

The petitioner is an alien who arrived aboard a vessel in the port of San Juan on October 30, 1963. He had been deported from the United States on December 10, 1956.

His present detention by the Service began on November 20, 1963, when he was arrested under a detention order pursuant to the provisions of section 235(b) of the Immigration and Nationality Act, 8 U.S.C. § 1225(b). He is being detained pending a hearing by a special inquiry officer under section 235 (a) of the Act, 8 U.S.C. § 1225(a), to determine whether he should be excluded from the United States and ordered removed to some other country.

On November 18, 1963, a grand jury returned a two-count indictment[1] charging the petitioner with violations of Title 8 U.S.C. § 1326 and of Title 18 U.S.C. § 1001. He was arrested on the same day by the United States Marshal on a warrant issued under the indictment, and bail was set by this Court at $1,000 with security. The petitioner made bail on November 20, 1963, but upon his release on bail he was immediately taken into custody by the Service in the manner and for the purpose above stated. It is from this custody that the petitioner seeks to be discharged.

It was conceded by the petitioner's counsel at the hearing that the present detention of the petitioner by the

---

1. The indictment is pending in this Court as case numbered Cr. 69–63.

Service would be lawful if he had not been previously enlarged on bail under the indictment. At this stage of the case, however, I see no inconsistency between the petitioner's enlargement on bail in the criminal proceeding and his present detention by the Service to carry out the administrative procedures authorized by the Immigration and Nationality Act. The fact that the petitioner was released on bail in the criminal case did not deprive the Service of its authority under the Act to hold an exclusion hearing. The Court may, of course, at any time require the Service to bring the petitioner before it in connection with the criminal proceeding. It is also clear that the Service may not remove the petitioner from the jurisdiction of this Court while the criminal case is pending.

I hold that the petitioner is being lawfully detained by the Service and that he is not being unlawfully deprived of his liberty. It is therefore ordered that the petition be dismissed.